## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LATAEVYON TAYLOR,                          )
                                           )
    Plaintiff,                        )
                                           )
v.                                         )    Case No. CIV-26-45-SLP
                                           )
WESTERN OKLAHOMA STATE                     )
COLLEGE, et al.,                           )
                                           )
    Defendants.                       )

### AMENDED ORDER[1]

On April 14, 2026, the Court directed Plaintiff to show cause why this action should not be dismissed without prejudice for failure to effect service of process within 90 days of the filing of the Complaint. *See* Order [Doc. No. 13]. Plaintiff responded to the Order and filed a Motion of Non-Dismissal and Extension [Doc. No. 14]. Upon review, the Court GRANTS a permissive extension of 45 days for Plaintiff to effectuate service on the remaining Defendants in this case.

The Court must extend the deadline for service when a plaintiff shows good cause. Fed. R. Civ. P. 4(m). In the absence of good cause, however, the Court has discretion to grant a permissive extension. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

---

[1] The Court previously issued an Order, [Doc. No. 15], granting Plaintiff a permissive extension of forty-five (45) days to effectuate service on all remaining Defendants in this case. The Court issues this Amended Order to correct a scrivener's error in its previous Order. The Court's previous Order, [Doc. No. 15], was dated May 9, 2026, instead of June 9, 2026. For the avoidance of doubt, **Plaintiff shall have forty-five (45) days from June 9, 2026 to effectuate service on all remaining Defendants in this case.**

Plaintiff has not shown good cause to warrant a mandatory extension.  In the Motion, Plaintiff makes several conclusory assertions about his service efforts to date.  First, Plaintiff states that "due to the uncontrollable circumstances on March 15th the process server could not serve the *defendant* due to no one being available to correctly serve the *defendant*."  [Doc. No. 14].  Plaintiff provides no proof of the unsuccessful service attempt and, further, does not explain *which* Defendant he intended to serve.  Second, Plaintiff states that he "has made good faith *efforts* to serve Defendants with in the 90 – day period" without providing any proof of those service efforts in his Motion.  *Id*.  Plaintiff only attaches a single "Affidavit of Process Server" which purports to be proof of service on Defendant Western Oklahoma State College.[2]  [Doc. No. 14-1].  Third, Plaintiff states that he "was also undergoing medical treatment for a serious mental health condition, which impacted service."  [Doc. No 14].  Again, Plaintiff provides no support for this assertion. The Court finds that Plaintiff has not shown good cause to warrant a mandatory extension for service of process.

However, the Court GRANTS a permissive extension of forty-five (45) days from June 9, 2026 for Plaintiff to effectuate service on the remaining Defendants in this case. Although the Court is extending the service time, Plaintiff is cautioned that any future requests for extensions of service time must be accompanied by a showing of good cause. Absent such showing, the Court does not anticipate granting any further extensions of service time and Plaintiff's case against any unserved Defendants may be dismissed for

---

[2] At this time, the Court does not speak to the sufficiency of service of process on Defendant Western Oklahoma State College.

failure to obtain service.  Fed. R. Civ. P. 41(b); *Wright v. Fulkerson*, 52 F.3d 339 (10th Cir. 1995) (dismissing pro se plaintiff's action for failure to obtain service of process).

IT IS SO ORDERED this 18th day of June, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE